**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| EARNEST HOWARD,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DOCKET NUMBERS<br>SF-0752-13-0360-I-2<br>SF-0752-13-1822-I-1<br><br><br>DATE: August 26, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David P. Clisham, Esquire, San Francisco, California, for the appellant.

Lisa Leslie, Scott AFB, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his removal and constructive removal appeals for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to clarify that, although the appellant's removal claim is moot regarding status quo ante relief, it is not moot regarding his disability discrimination claim. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2      The appellant was a GS-06 Police Officer for the agency. *Howard v. Department of the Army*, MSPB Docket No. SF-0752-13-0360-I-1, Initial Appeal File-1 (IAF-1), Tab 7, Subtab 4A. On March 15, 2013, the agency removed the appellant for failing to successfully complete the Department of the Army Civilian Physical Ability Test (PAT).[2] *Id*., Subtabs 4A, 4C, 4F. On April 12, 2013, the appellant filed a Board appeal and requested a hearing. IAF-1, Tab 1 at

---

[2] Under Army Regulation 190-56, Appendix C-1(d), D-1(b)(2), and D-3(e), civilian Police Officers are required to successfully complete a PAT every year. IAF-1, Tab 7, Subtab 4K at 27, 33-34. The standard PAT requires Police Officers to execute 19 pushups in 2 minutes and run 1.5 miles in 17.5 minutes. *See id.* at 33. An alternate PAT is available for Police Officers who can perform the essential functions of their positions but are medically precluded from taking the standard PAT. IAF-1, Tab 7, Subtab 4I at 1, Subtab 4K at 34. The alternate PAT requires Police Officers to execute a 25-foot dummy drag in 15 seconds and walk two miles in 32 minutes. IAF-1, Tab 7, Subtab 4I at 1, Subtab 4K at 34. The appellant attempted the standard PAT three times and the alternate PAT once, but he never completed a PAT successfully. IAF-1, Tab 7, Subtab 4H.

2. He argued, among other things, that the removal was based on age and disability discrimination. IAF-1, Tab 1 at 3, 5, Tab 16 at 5-9.

¶3     During the pendency of the appeal, on May 31, 2013, the agency sent the appellant a memorandum stating that it would rescind his removal and provide him back pay and benefits and that he should report for duty on June 3, 2013. IAF-1, Tab 13 at 8-9. The agency subsequently cancelled the removal and moved to dismiss the appeal as moot. IAF-1, Tab 13 at 4-6, 10-14, Tab 15. The appellant opposed the agency's motion to dismiss on several grounds. IAF-1, Tabs 16, 22, 24-25, 33. He also declined to return to work; he retired instead. IAF-1, Tab 33 at 7, Tab 34 at 7.

¶4     During the prehearing conference, the appellant notified the administrative judge that he intended to file an involuntary retirement appeal. IAF-1, Tab 37 at 2. The administrative judge dismissed the removal appeal without prejudice. *Id*. at 1, 3. She notified the parties that she would docket a separate involuntary retirement appeal, automatically refile the removal appeal in 35 days, and join the appeals for processing if she found that the appellant made a nonfrivolous allegation of jurisdiction in his involuntary retirement appeal. *Id*. at 2-3.

¶5     As promised, the administrative judge docketed a separate involuntary retirement appeal, *Howard v. Department of the Army*, MSPB Docket No. SF-0752-13-1822-I-1, Initial Appeal File, Tab 1, and refiled the original removal appeal, *Howard v. Department of the Army*, MSPB Docket No. SF-0752-13-0360-I-2, Initial Appeal File-2 (IAF-2), Tab 1. The appeals were assigned to a different administrative judge, who joined them for processing. IAF-2, Tab 3, Tab 9 at 1.

¶6     After a hearing, the administrative judge dismissed the appeals for lack of jurisdiction. IAF-2, Tab 17, Initial Decision (ID) at 1, 13. As to the removal appeal, the administrative judge found that it was moot because the appellant failed to prove his disability discrimination claim and the agency's rescission of the removal otherwise provided him all the relief he could have obtained had he

prevailed on the merits of his appeal.  ID at 4-8.  The administrative judge did not adjudicate the appellant's age discrimination claim because compensatory damages are not available for such claims, and so the appellant would not have been entitled to further relief on it even if he had prevailed.  ID at 4-5.  As to the constructive removal appeal, the administrative judge found that the appellant failed to establish jurisdiction over it because he failed to show that his decision to retire rather than to return to duty was voluntary or was caused by the agency's improper actions.  ID at 9-13.

¶7        The appellant has filed a petition for review, arguing that his removal appeal is not moot because the Board could afford him additional relief through a finding that the PAT was invalid.  Petition for Review (PFR) File, Tab 1 at 7-11.  He also argues that his retirement was involuntary because he lacked any meaningful choice in the matter, given the agency's wrongful action, i.e., its failure to waive the PAT.  *Id*. at 11-14.  The appellant also disputes the administrative judge's conclusions about his age and disability discrimination claims.  *Id*. at 14-15.  The agency has filed a response to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.

¶8        As to the removal appeal, we agree with the appellant that the initial decision did not resolve the issue of whether the agency would be able to require that he pass a PAT as a condition of his employment.  PFR File, Tab 1 at 7-9.  However, a ruling that the PAT is invalid or should not apply to the appellant is not a form of "relief" that the appellant could obtain in a Board appeal.  *Cf. Harris v. Department of Transportation*, 96 M.S.P.R. 487, ¶ 8 (2004) (for an appeal to be deemed moot, the employee must have received all of the relief that he could have received if the matter had been adjudicated and he had prevailed).  What the appellant in this case appears to seek is not further relief from the Board but an advisory opinion on the validity or applicability of the PAT going forward.  The Board is precluded from issuing advisory opinions.  5 U.S.C. § 1204(h).  For

the reasons explained in the initial decision, we agree with the administrative judge that the removal appeal is moot to the extent that the agency's unilateral rescission afforded the appellant status quo ante relief.  ID at 4-6.

¶9        The appellant also argues that the removal was not taken for such cause as would promote the efficiency of the service.  PFR File, Tab 1 at 7-8.  We do not reach this issue because it pertains to the merits of the agency's action.  *See Norvell v. U.S. Postal Service*, 38 M.S.P.R. 563, 567 (1988) (declining to address arguments pertaining to the merits of an appeal which the administrative judge properly dismissed as moot); *see also Mobery v. Department of the Navy*, 65 M.S.P.R. 110, 113 (1994) (when an agency completely rescinds an adverse action after an appeal is filed, the appeal is rendered moot and the Board is divested of jurisdiction).

¶10       The appellant argues, moreover, that the administrative judge failed to make any finding on his age discrimination claim.  PFR File, Tab 1 at 14-15.  However, for the reasons explained in the initial decision, we agree with the administrative judge that the age discrimination claim is moot because the agency afforded the appellant status quo ante relief with its unilateral rescission of the removal.  ID at 4-5.  Compensatory damages are not available for age discrimination claims, so there is no further relief that the appellant could obtain even if he prevailed on this claim.  *Williams v. Department of the Navy*, 99 M.S.P.R. 626, ¶ 5 n.* (2005).

¶11       The appellant further argues that the agency was required to waive the PAT under 5 C.F.R. § 339.204, which requires agencies to waive such tests where there is sufficient evidence that the employee can perform the essential functions of his position without endangering the health and safety of himself or others.  PFR File, Tab 1 at 10-11.  He asserts that this was a prohibited personnel practice because 5 C.F.R. § 339.204 is a regulation implementing or directly concerning the merit system principles.  PFR File, Tab 1 at 10-11; *see* 5 U.S.C. § 2302(b)(12) (it is a prohibited personnel practice to take a personnel action that violates a regulation concerning or implementing the merit system principles of 5 U.S.C.

§ 2301).  For several reasons, this argument provides no basis to disturb the initial decision.  First, the appellant has not explained what merit system principle he believes this regulation implements or concerns.[3]  Second, for the reasons explained by the agency in its response to the petition for review, we are not convinced that it actually violated this regulation.  PFR File, Tab 3 at 6-10.  Third, we are aware of no law authorizing an award of compensatory damages for a violation of 5 U.S.C. § 2302(b)(12) per se, so it is not clear what further relief the appellant could have obtained if the agency violated this regulation.  As a result, we find that this claim is also moot.

¶12        Nevertheless, the removal appeal is not moot as to the appellant's claim of disability discrimination because he could be entitled to compensatory damages if he prevails on that claim.  *See Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶ 11 (2004).  The appellant argues that the PAT was a discriminatory employment test that the agency "intentionally" employed in removing him from service.  PFR File, Tab 1 at 14.  The appellant appears to be attempting to convert a disparate impact discrimination claim into an intentional discrimination claim so that he can attach a claim of compensatory damages to it.  Under 42 U.S.C. § 1981a(a)(1), compensatory damages are available only against an employer who has engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact).[4]  *See Calhoon v. Department of the Treasury*, 90 M.S.P.R. 375, ¶ 12 (2001).  Under the appellant's use of the word "intentional," disparate impact discrimination claims

---

[3] The appellant explains that the Office of Personnel Management promulgated 5 C.F.R. § 339.204 under the authority of 5 U.S.C. § 3301.  PFR File, Tab 1 at 10.  Section 3301, however, is not a merit system principle.  The merit system principles are set forth at 5 U.S.C. § 2301.

[4] Compensatory damages are available in disability discrimination claims based on failure to accommodate.  *See Schultz v. U.S. Postal Service*, 78 M.S.P.R. 159, 164 (1998).  The appellant does not dispute the administrative judge's findings that he did not raise any such argument and that he would not be able to prevail on a failure-to-accommodate claim in any event.  ID at 8.

would all but vanish; practically all employment practices are applied "intentionally" to the extent that the employer intends that they be applied. The real distinction between intentional discrimination and disparate impact discrimination is that, in the former, the employer targets certain protected groups with the intention of treating them less favorably than others, while in the latter, facially neutral employment practices fall more harshly on one group than another and cannot be justified by business necessity. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335-36 n.15 (1977). The appellant's claim is of the latter variety. For the reasons explained in the initial decision, we agree with the administrative judge that there is no evidence that the purpose of the PAT was to target individuals with disabilities or that the agency applied the PAT in a discriminatory manner. ID at 7-8. The appellant has not proven a claim of intentional disability discrimination.

¶13  As to the appellant's constructive removal claim, he disputes the administrative judge's finding that the agency did not commit a wrongful act. PFR File, Tab 1 at 12-14; ID at 9-10. He argues that the agency acted improperly by not waiving the PAT under the provisions of 5 C.F.R. § 339.204. PFR File, Tab 1 at 12-14. However, he has not addressed the administrative judge's finding that he lacked a meaningful choice in retiring. ID at 10-12; *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013) (to establish jurisdiction over a constructive adverse action appeal, an appellant must show both that he lacked a meaningful choice and that this was the result of the agency's improper actions). We have reviewed the administrative judge's findings in this regard and we find no reason to disturb them.

¶14  To the extent that the appellant is arguing that he retired in the face of an improper adverse action that the agency threatened to take upon his reinstatement, we find that the appellant has not shown that the agency "knew or should have known [it] could not be substantiated." *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010) (citing *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136

(Fed. Cir. 1987)). The Board has found that, under such circumstances, an employee may be faced with a difficult choice between retiring and facing a removal action with which he disagrees, but this does not render his decision to retire involuntary. *Garland v. Department of the Air Force*, 44 M.S.P.R. 537, 540-41 (1990). To show that his retirement amounted to a constructive removal under this theory, the appellant must do more than merely rebut the agency's reasons for the removal. He must show that the agency lacked reasonable grounds for threatening the action in the first place. *Id*. The appellant in this case has not met that standard. We agree with the administrative judge that the appellant did not establish jurisdiction over his constructive removal claim. ID at 13.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS
### IN MSPB DOCKET NO. SF-0752-13-0360-I-2

You have the right to request further review of the final decision in MSPB Docket No. SF-0752-13-0360-I-2 regarding the removal.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS
IN MSPB DOCKET NO. SF-0752-13-1822-I-1**

You have the right to request further review of the final decision in MSPB Docket No. SF-0752-13-1822-I-1 regarding the involuntary retirement.

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.